UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MILAN VASICH,

    Plaintiff,

v.

NATIONAL BANK OF UKRAINE,

    Defendant.
_____/

## COMPLAINT

Plaintiff, MILAN VASICH, by and through its undersigned counsel, hereby sues Defendant, NATIONAL BANK OF UKRAINE, and alleges as follows:

### NATURE OF ACTION

1. This is an action against Defendant for compensatory and punitive damages related to the conversion and breach of contract in connection with funds in the amount of $367,341,817.00.

### PARTIES

2. Plaintiff, MILAN VASICH, is a United States Citizen and Florida resident.

3. Defendant, NATIONAL BANK OF UKRAINE, is a foreign legal entity with separation from the government of Ukraine.

### JURISDICTION AND VENUE

4. Jurisdiction is properly before this Court pursuant to 28 U.S. Code § 1332.

5. The amount at issue exceeds $75,000.00 and the parties are completely diverse.

6. Venue is proper in the Southern District of Florida because Defendant has sufficient minimum contacts with this forum making jurisdiction proper over Defendant. Defendant has reached into the forum by conducting wrongful economic activity in the forum, taking Plaintiff's

funds, and subsequently removing Plaintiff's funds from the forum.

7. Defendant, NATIONAL BANK OF UKRAINE, is an independent legal entity, but should Defendant attempt to invoke any basis of sovereign immunity, jurisdiction would still be proper under 28 U.S.C. 1605 (a)(3). Defendant, NATIONAL BANK OF UKRAINE, has taken Plaintiff's United States located funds and used them in connection with wrongful commercial activity. Furthermore, Defendant has committed a tortious act of taking of Plaintiff's funds out of the United States and acting inconsistent with Plaintiff's ownership right to the funds.

## GENERAL ALLEGATIONS

8. Plaintiff, MILAN VASICH, maintains a validly executed assignment of rights with individuals and business entities consisting of: ZUKK Trading Limited Company ("ZUKK"), INTERTRANSGROUP Limited Liability Company ("INTERTRANS"), Mykola Kovzel and Vitaliy Didylivskyi.

9. ZUKK is legal entity that entered into five deposit agreements with, now defunct, banking entity named, "Brokbusinessbank" ("Brok Bank"). The agreements were entered into between the years of 2010 – 2012 with four of the deposit agreements being in the amount of $15,000,000.00 and the last being for $35,000,000.00. ZUKK deposited a total of $95,000,000.00

10. INTERTRANS - is legal entity that entered into two deposit agreements and five bank service agreements with Brok Bank. The agreements were entered into between the years 2011 – 2013. The total amount of agreements being in the amount of 38,000,000.00 GRIVNAs and $1,500,000.00 which when matured, were to be valued at far more than the initial deposit.

11. Mykola Kovzel, an individual citizen of Ukraine, entered into deposit agreement with Brok Bank in 2013 and placed in the account the amount of $4,000,000.00 which when matured, were to be valued at far more than the initial deposit.

12. Vitaliy Didylivskyi, an individual citizen of Ukraine, entered into a deposit agreement with Brok Bank in 2013 and placed on account the amount of $130,000.00 which when matured, were to be valued at far more than the initial deposit.

13. All of the aforementioned agreements, when matured, were to be valued at far more than the initial deposit. A copy of the agreements is attached to the complaint as <u>Exhibit A.</u> Pursuant to the agreements, interest on the loan amount will accrue with the ability to withdraw, once they mature. There is no requirement to withdraw at maturity, only an option to do so.

14. Defendant, NATIONAL BANK OF UKRAINE, is an economically independent body that pays the expenses for the account of own revenues within the limits of the approved budget from the Government of Ukraine.

15. Defendant has multiple duties as a bank, which include all the normal functions of a bank, but has additional special duties concerning other banks in Ukraine. Defendant's duties include overseeing all other bank entities in Ukraine and in relation to insolvent bank entities will assume their obligations and make decisions regarding liquation.

16. The entities: ZUKK deposited $95,000,000.00, INTERTRANSGROUP deposited UAH 38,000,000 and $1,500,000.00, Mr. Kovzel deposited $4,000,000.00 and Mr. Didylivskyi deposited $130,000.00 with Brok Bank. Unfortunately, and unbeknownst to the parties, bad actors consisting of members of a criminal group: PROSPERITY DEVELOPMENTS S.A. (Panama), SOPREMA TRADING LTD (BVI), SWISSPRO CAPITAL LTD (Cyprus), ZEVIDON TRADING LTD (Belize), and VITALI TRADING LTD (Cyprus) were secretly moving funds out of the Brok Bank and into various accounts around the world. A majority of these funds that were laundered ended up in the United States.

17. The laundering activities connected with Brok Bank went on for years undetected

by the National Bank of Ukraine, even though it is one of its primary overseer functions.

18. Eventually, sometime in early 2014, Defendant became aware of the bad actors stealing and laundering funds from Brok Bank banking clients. On or about June 11, 2014, Defendant began liquidation procedures of Brok Bank and instituted a full mission to locate the stolen funds.

19. Eventually, sometime on or about November 2017, Defendant finally located the Plaintiff's stolen funds in the United States. Upon information and belief, the funds were initially moved to the jurisdiction of the Southern District Florida. The basis of this belief is that Defendant, through its agents, may have provided unlawful assistance in the laundering of money with an individual, Ihor Kolomoisky. Mr. Kolomisky is an individual who is facing civil forfeiture proceedings for, allegedly, using a location in the Southern District of Florida as his base for his laundering activities.[1] Plaintiff believes that Mr. Kolomisky and Defendant are connected insofar as to the location of the stolen funds.

20. Once Defendant discovered the funds, Defendant utilized the funds by earning interest and upon information and belief, investing them. From there, Defendant took the funds out of the United States and placed it in account in Defendant's care in Ukraine. However, instead of returning the funds to the rightful owners, Defendant placed the money in its own coffers.

21. Once the funds were in Defendant's possession in Ukraine, Defendant placed the funds into the state budget of Ukraine, instead of returning the stolen funds to Brok Bank's depositors. Upon information and belief, Defendant also took a share of the wrongfully taken funds.

---

1 See https://www.justice.gov/opa/pr/justice-department-seeks-forfeiture-two-commercial-properties-purchased-funds-misappropriated

22. Defendant has ignored claim for damages (stolen and credited to the state budget), which under agreements with Brok Bank had to return to customers of the bank.

23. What Defendant has done with the funds can only be described as theft. Defendant's egregious actions of taking Plaintiff's funds out of the United States and funneling it into Defendant's pockets, along with the Ukrainian budget, is reprehensible enough to warrant punitive damages, which the Plaintiff seeks.

## COUNT I CONVERSION

24. Plaintiff re-alleges all general allegations previously stated.

25. Defendant took ownership of property ("chattel") belonging to Plaintiff.

26. Defendant took Plaintiff's chattel with the intent to exercise ownership inconsistent with Plaintiff's right of possession,

27. Defendant acted in asserting a right of dominion over chattels which was inconsistent with the right of the Plaintiff.

**WHEREFORE**, Plaintiff respectfully request this honorable Court: enter judgement in favor of the Plaintiff for compensatory and punitive damages, and any other relief this Court deems just and necessary.

## COUNT II BREACH OF CONTRACT

28. Plaintiff re-alleges all general allegations previously stated.

29. Defendant assumed all labilities of Brokbank when it liquated the entity.

30. The deposit agreements between ZUKK, INTERTRANS, Mr. Koyzel, Didylivskyi and Brok Bank became the responsibility of Defendant by virtue of Defendant's decision to liqudate Brok Bank.

31. Demand for payment has been made and the agreements were breached and remain

unpaid.

32. Plaintiff suffered damages as a result of the breach.

**WHEREFORE**, Plaintiff respectfully request this honorable Court: enter judgment in favor of the Plaintiff for compensatory damages, and any other relief this Court deems just and necessary.

## COUNT III UNJUST ENRICHMENT

33. Plaintiff re-alleges all general allegations previously stated.

34. The Plaintiff has conferred a benefit on the defendant.

35. The defendant voluntarily accepted and retained that benefit; and

36. The circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof.

**WHEREFORE,** Plaintiff demands compensatory damages and such other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

## VERIFICATION

I, MILAN VASICH, verify under penalty of perjury that I have read the above complaint and its contents. I also verify that, to the best of my knowledge and recollection, the matters stated in the complaint are true and correct.

_____
Milan Vasich

__08/17/2020_____
Date

                                      Respectfully submitted,

                                      Martin Hoffenden
                                      Hoffenden Law P.A.
                                      4000 Hollywood Blvd., Suite 165-S
                                      Hollywood, Florida 33021
                                      Email: martin@hoffendenlegal.com
                                      Tel: 561-306-1955

                                      By:     */s/ Martin Hoffenden*
                                                     Martin Hoffenden
                                                     Florida Bar No: 115732